WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert Joseph Pilgrim,<br><br>    Petitioner,<br><br>vs.<br><br>Arizona Department of Corrections, et al.,<br><br>    Respondents. | CIV 15-0856-PHX-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT COURT:

    Petitioner Robert Joseph Pilgrim, who is confined in the Arizona State Prison Complex, filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 14) and Memorandum of Law in Support (Doc. 15). Respondents filed an Answer (Doc. 25), and Petitioner has filed multiple pleadings that the Court construes as supplements to his habeas petition and/or a reply to Respondents' Answer.

## BACKGROUND[1]

    On June 22, 2012, the Maricopa County Attorney's Office charged Petitioner, by information, with theft of means of transportation, a class 3 felony. (Exh. A.) The factual background is as follows:

> On June 19, 2012, police responded to an auto accident. Witnesses reported Mr. Pilgrim was the only occupant of the vehicle and he initially tried to run

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 25 – Respondents' Answer.

> from the scene. Citizens re-directed him back to the scene. Investigation revealed the vehicle he was driving was stolen and belonged to Aim Right Ministries.
>
> Mr. Pilgrim told police he was a passenger and the driver hit another vehicle. He complained of injuries. He told the fire department he smoked methamphetamine earlier and consumed alcohol. A records check showed his driver license was revoked.

(Exh. D at 1.)

On September 24, 2012, the State and Petitioner entered into a stipulated plea agreement, whereby he agreed to plead guilty to theft of means of transportation, as charged. (Exhs. B, C.) Pursuant to the agreement, however, the State agreed that it would not pursue the allegations that Petitioner had multiple prior felony convictions and committed the present offense while on probation. (Exh. B at 2.) The State also agreed that it would not pursue any felony aggravated DUI charges. (Id.)

Before entering into the agreement, Petitioner acknowledged that he understood he would receive an 8-year prison term. (Id. at 1; Exh. C.) Petitioner then formally pleaded guilty, pursuant to the agreement, which the trial court accepted. (Exh. C.) On October 24, 2012, the trial court sentenced Petitioner to 8 years' imprisonment, in accordance with the terms of the plea agreement. (Exh. B at 1; Exh. E at 1-2.)

At sentencing, Petitioner acknowledged that he had the right to file a notice of post-conviction relief ("PCR") within 90 days. (Exh. F.) Petitioner, however, chose not file his PCR notice until April 11, 2014. (Exh. G.) The superior court subsequently dismissed the PCR notice on June 3, 2014, concluding that it was both untimely and failed to state a colorable claim. (Exh. H.) Petitioner did not appeal the dismissal by filing a petition for review with the Arizona Court of Appeals. (Exh. I at 1.)

In Ground One of his amended habeas petition, Petitioner alleges that his trial counsel was ineffective because she failed to conduct adequate investigation and consult with Petitioner's doctors about his mental illness. As a result, Petitioner claims, he was forced to sign a plea without "proper counsel," and he received a longer sentence than he would have if trial counsel had collaborated with his doctors to present mitigating evidence. In Ground

- 2 -

Two, Petitioner appears to allege that his plea was involuntary. He claims that, while in jail, he was "prescribed medication that [a]ffected [his] mental state and decision making skills." He also alleges that detention officers "used GPS and radio telem[e]try" to abuse him while he was detained. As a result, Petitioner was "co[erc]ed ... into wanting out of county jail." In Ground Three, Petitioner alleges that his trial counsel was ineffective because she failed to request a competency evaluation, pursuant to Rule 11 of the Arizona Rules of Criminal Procedure. In Ground Four, Petitioner alleges that he was not on medication when he waived his right to an evidentiary hearing and that his due process rights were violated as a result of his unknowing waiver.

## DISCUSSION

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the

1  conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking
2  such review. See id.

3  Additionally, "[t]he time during which a properly filed application for State post-
4  conviction or other collateral review with respect to the pertinent judgment or claim is
5  pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott
6  v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending
7  after it is filed with a state court, but before that court grants or denies the petition." Chavis
8  v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however,
9  within the state's required time limit is not "properly filed" and, therefore, the petitioner is
10 not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When
11 a postconviction petition is untimely under state law, 'that [is] the end of the matter' for
12 purposes of § 2244(d)(2)." Id. at 414.

13 In Arizona, post-conviction review is pending once a notice of post-conviction relief
14 is filed even though the petition is not filed until later. See Isley v. Arizona Department of
15 Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief
16 is also pending during the intervals between a lower court decision and a review by a higher
17 court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536
18 U.S. 214, 223 (2002)). However, the time between a first and second application for post-
19 conviction relief is not tolled because no application is "pending" during that period. See id.
20 Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations
21 period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d
22 820, 823 (9th Cir. 2003).

23 The statute of limitations under the AEDPA is subject to equitable tolling in
24 appropriate cases. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). However, for
25 equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights
26 diligently and (2) that some extraordinary circumstances stood in his way'" and prevented
27 him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

28

1         The Court finds that Petitioner's Amended Petition for Writ of Habeas Corpus is
2 untimely. On October 24, 2012, the trial court sentenced Petitioner pursuant to the terms set
3 forth in the plea agreement. By pleading guilty, Petitioner waived his right to a direct appeal,
4 and had 90 days – or until January 22, 2013 – to file an "of-right" petition for post-conviction
5 relief under Rule 32 of the Arizona Rules of Criminal Procedure. However, Petitioner filed
6 his PCR notice on April 11, 2014. The superior court dismissed the PCR notice on June 3,
7 2014, concluding that it was both untimely and failed to state a colorable claim. Thus,
8 Petitioner's case became final on January 22, 2013 – the day the time expired for filing a
9 PCR petition. Petitioner was required to file the instant habeas petition on or before January
10 22, 2014. Petitioner did not initiate his habeas proceedings petition until May 11, 2015.
11 Accordingly, absent any tolling, his habeas petition is one year and three months too late.

12         Petitioner is not entitled to statutory tolling. Petitioner's subsequent untimely PCR
13 notice was filed after the limitations period had expired, and, thus, did not toll the limitations
14 period. See Ferguson, 321 F.3d at 823 ("[S]ection 2244(d) does not permit the re-initiation
15 of the [federal 1-year] limitations period that has ended before the state petition was filed.");
16 see also Pace, 544 U.S. at 413-17 ("Because the state court rejected petitioner's PCRA
17 petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling
18 under § 2244(d)(2).")

19         In sum, Petitioner filed the instant amended habeas petition one year and three months
20 after the 1-year limitations period expired. The Amended Petition is therefore untimely.

21         The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
22 tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United
23 States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
24 grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
25 Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control
26 make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063,
27 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
28 AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When

1  external forces, rather than a petitioner's lack of diligence, account for the failure to file a
2  timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v.
3  Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must
4  establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
5  extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also
6  establish a "causal connection" between the extraordinary circumstance and his failure to file
7  a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
8  2007).

9       Petitioner asserts no valid reason for the untimeliness of his amended habeas petition,
10 and therefore demonstrates no entitlement to equitable tolling. There is nothing in the record
11 that suggests an external force prevented Petitioner from timely filing the Amended Petition.
12 And, Petitioner's *pro se* status, indigence, limited legal resources, ignorance of the law, or
13 lack of representation during the applicable filing period do not constitute extraordinary
14 circumstances justifying equitable tolling. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154
15 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an
16 extraordinary circumstance warranting equitable tolling."). Moreover, Petitioner has not
17 shown that his mental disorders constituted an extraordinary circumstance, warranting
18 equitable tolling. Petitioner fails to specify exactly what mental disorder he has, and fails to
19 demonstrate how his alleged impairments: (1) prevented him from understanding the need
20 to timely file a habeas petition; or (2) rendered him unable to personally prepare a habeas
21 petition and effectuate its filing. See, e.g., Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir.
22 2010).

23      Accordingly, Petitioner is not entitled to equitable tolling and his amended habeas
24 petition is untimely.

25 \\\
26 \\\
27 \\\
28 \\\

**CONCLUSION**

Having determined that Petitioner's amended habeas petition is untimely, the Court will recommend that Petitioner's Amended Petition for Writ of Habeas Corpus and Memorandum of Law in Support be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 14) and Memorandum of Law in Support (Doc. 15) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Petitioner's pleadings entitled motion for an evidentiary hearing and motion for a determination of direct appeal (Docs. 29, 31) be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order

1 or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72,
2 Federal Rules of Civil Procedure.
3    DATED this 26th day of February, 2016.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge